UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEIMBURGER, S.A.S.,<br><br>         Petitioner,<br><br>  -against-<br><br>BRANDS WITHIN REACH, LLC,<br><br>         Respondent. | 1:22-cv-06194 (JLR)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  On July 21, 2022, Petitioner Heimburger, S.A.S. ("Petitioner") filed a Petition under 9 U.S.C. § 9 and 9 U.S.C. § 201 *et seq*. to confirm an arbitration award entered by arbitrator Michael Blechman of the International Centre for Dispute Resolution ("ICDR") against Respondent Brands Within Reach, LLC ("Respondent") on June 6, 2022. *See generally* ECF No. 1 ("Pet."); ECF No. 1-1 ("Arb. Award"). On September 12 and 13, 2022, Petitioner filed an Amended Petition seeking the same relief, along with its memorandum in support. *See* ECF Nos. 11, 12 ("Am. Pet."). Petitioner and Respondent are completely diverse and the amount in controversy exceeds $75,000. Am. Pet. ¶ 10. For the following reasons, the Amended Petition is GRANTED and the Arbitration Award is confirmed.

## BACKGROUND

  Petitioner, a French company, entered into a distribution agreement with Respondent, a New York LLC, on or about March 1, 2018, whereby Respondent would sell Grand Mere pasta produced by Petitioner for seven years, at prices and conditions set forth in the agreement. *See id.* ¶ 13; ECF No. 12-4 ("Distribution Agreement"). Petitioner alleges that Respondent failed to pay 26 invoices dated from June 30, 2020 to October 29, 2020 related to Respondent's orders of pasta from Petitioner. ECF No. 12-5 ("Statement of Claim") ¶ 14. Payments for those

invoices were due from September 28, 2020 to January 27, 2021 and the principal amounts due totaled 545,164.80 Euros or $621,624.62. *Id.* ¶¶ 16, 19. On February 2, 2021, Petitioner sent Respondent a notice of termination of the Distribution Agreement, effective February 27, 2021. *Id.* ¶ 17.

On June 2, 2021, Petitioner initiated an arbitration against Respondent with the ICDR, the international division of the American Arbitration Association ("AAA"). Am. Pet. ¶ 14. Respondent filed an Answer and Counterclaim on July 6, 2021 and did not dispute that AAA has jurisdiction over the claims given the provisions of the Distribution Agreement. Statement of Claim ¶ 7; ECF No. 12-6 ("Ans.") ¶ 7; Am. Pet. ¶ 15; Distribution Agreement at 3.

Respondent participated in the arbitration process through two successive law firms – the first withdrawing on October 22, 2021. Am. Pet. ¶¶ 16-17. Respondent also filed for voluntary dissolution on or about December 3, 2021. *Id.* ¶ 5. Respondent's second firm, Ruskin Moscou Faltischek, PC ("RMF"), withdrew on March 15, 2022, after the arbitration hearing was scheduled for April 12, 2022. *Id.* ¶ 18. The arbitrator denied RMF's request to adjourn the hearing for sixty days but stated he would entertain an application from Respondent's new counsel to adjourn the hearing upon a showing of good cause. *Id.* RMF advised Respondent's principal, Olaf Zachert ("Zachert"), of this and the ICDR thereafter communicated directly with Zachert via the email provided by RMF: oz@zachert-pe.com. *Id.* ¶¶ 18-19.[1] The ICDR sent emails to Zachert on April 5 and 8, 2022 asking whether he was retaining new counsel or proceeding *pro se* at the April 12, 2022 arbitration hearing. *Id.* ¶¶ 20-21. The hearing was held on April 12, 2022 and Respondent did not appear. *Id.* ¶ 22.

---

[1] RMF also provided the ICDR with contact information for another representative of Respondent – Tanith D. Richter. Am. Pet. ¶ 6.

2

On June 6, 2022, the arbitrator at the ICDR entered an award in favor of Petitioner. Arb. Award. The arbitrator awarded Petitioner 602,400.80 Euros, consisting of 545,164.80 Euros on its claim and 57,236 Euros in interest. Arb. Award at 5. The arbitrator also awarded Petitioner $21,022.50, representing an allocated portion of the ICDR's fees and expenses. *Id.* The arbitrator deemed the Respondent's counterclaim withdrawn pursuant to Article 39.3 of the ICDR Rules because Respondent did not make its final payments to the AAA and did not appear at the hearing or produce any evidence in support of its counterclaim. *Id.* at 4-5. Respondent has not made any payments, nor moved to vacate the Arbitration Award. Am. Pet. ¶ 26.

Petitioner filed the present Amended Petition to confirm the Arbitration Award on September 13, 2022. Am. Pet. On September 23, 2022, Petitioner filed several affidavits of service of the Amended Petition and supporting documents. ECF Nos. 16-23. The first affidavit of service showed attempted personal service on September 21, 2022 on Olaf Zachert, c/o Zachert Private Equity U.S. Inc., 757 3rd Avenue, 20th Floor, New York, New York 10017. ECF No. 16. The process server was advised by the receptionist at the shared office space that the Zachert "no longer has an office at this location." *Id.* The next affidavit of service stated that Petitioner served the Amended Petition and supporting documents by mail on September 15, 2022 to the Respondent at P.O. Box 1590, 99 Wall Street, New York, New York 10005, on its Liquidation Officer at the same address, and by certified mail on RMF. ECF No. 18. Respondent's next affidavit of service stated that it had served by email on September 15, 2022, a copy of the Amended Petition and supporting documents to Zachert, Richter, dissolving@brandswithinreach.group, and Mark Mulholland at RMF. ECF No. 19. The next affidavit of service attested that Petitioner had served by email on September 22, 2022 the Amended Petition and supporting papers on Mrs. Antje Grabert at ag@zachert-pe.com.

ECF No. 20.  The next affidavit of service stated that Petitioner attempted personal service on Respondent at 141 Halstead Ave., Suite 200, Mamaroneck, New York 10563, the address that was provided by Respondent in its Answer and Counterclaim in the arbitration.  ECF No. 21; Ans. ¶ 1.  A photograph was provided showing that the office was closed and service papers were taped to the door.  ECF No. 21.  Next, Petitioner filed an affidavit of service showing that Petitioner had served the Amended Petition and supporting papers on Respondent through its authorized agent at the Secretary of State on September 23, 2022.  ECF No. 22.  Finally, the last affidavit of service stated that on September 21, 2022, the Amended Petition and supporting papers were served on the National Registered Agent for New Age Beverages Corp., the parent company for Respondent, at 7700 E. Arapahoe Road, Centennial, Colorado 80112.  ECF No. 23.  Respondent did not respond to the Amended Petition or otherwise appear in this action.

On October 27, 2022, the Clerk of the Court entered a certificate of default.  ECF No. 31.  On November 15, 2022, the Court issued an Order stating that the Amended Petition to confirm the Arbitration Award would be treated as a motion for summary judgment and set down a briefing schedule, requiring Respondent to file any opposition by December 5, 2022.  ECF No. 38.  The Court ordered Petitioner to serve a copy of the Court Order and briefing schedule on Respondent via its Liquidation Officer, the New York Secretary of State, and through its parent's registered agent in Colorado, as well as provide notification through emails to Zachert, Richter, Grabert, and dissolving@brandswithinreach.group.  *Id*.  Petitioners served Respondents by mail and email at all of the aforementioned addresses on or about November 22, 2022.  ECF Nos. 39-43.  To date, Respondent has not responded to the Amended Petition, appeared in this case, or otherwise sought relief from the Arbitration Award.  The Court will consider this motion to confirm the Arbitration Award to be unopposed.

## DISCUSSION

### I. Standard of Review

The Court's review of an arbitration award is "narrowly circumscribed and highly deferential – indeed, among the most deferential in the law." *NFL Mgmt. Council v. NFL Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016). "The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Beijing Shougang Mining Inv. Co. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021) (quoting *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997)). An award should be confirmed as long as the arbitrator is "arguably construing or applying the contract and acting within the scope of his [or her] authority . . . ." *NFL Mgmt. Council*, 820 F.3d at 532 (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). "In other words, 'an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019) (quoting *Landy Michaels Realty Corp. v. Local 32B-32J Serv. Employees Int'l*, 954 F.2d 794, 797 (2d Cir. 1992)).

Notwithstanding this deferential standard, and the fact that this Amended Petition is unopposed, the Court must still carefully examine the record as it would in the context of a motion for summary judgment. *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006) (holding that "the petition and accompanying record should have been treated as akin to a motion for summary judgment based on the movant's submissions."). The Court must "determine if [the petitioner] has met its burden of demonstrating that no material issue of fact remains for trial." *Id*. at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

## II. Confirmation of the Arbitration Award

Petitioner timely filed the Petition and Amended Petition to confirm the June 6, 2022 Arbitration Award as they were filed within one year of the Award. *See* Am. Pet. ¶ 23; Arb. Award; *see also Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 159-60 (2d Cir. 2003) (holding that "a party to an arbitration is entitled to the benefits of the streamlined summary proceeding" to confirm if "it files at any time within one year after the award is made"). Respondent chose not to appear or dispute the Amended Petition, after having been provided sufficient notice and time to respond.

After review of the Amended Petition and supporting exhibits, the Court finds that there is no genuine issue of material fact in dispute precluding summary judgment for Petitioner. The Distribution Agreement provided for a payment schedule and conditions for payment to Petitioner upon the delivery of pasta to Respondent. *See generally* Distribution Agreement. In its Answer to the Statement of Claim in the arbitration, Respondent did not dispute that it had not paid outstanding invoices and that the parties agreed to arbitrate disputes. Ans. ¶¶ 3, 7. Petitioner presented testimony at the hearing from Jeremy Butterlin, Petitioner's export manager with direct knowledge of the commercial relationship between Petitioner and Respondent. Arb. Award at 4. Mr. Butterlin presented a detailed summary of the 26 unpaid invoices, the purchase orders, and bills of lading. *Id.* Mr. Butterlin testified that Respondent had not protested any of the invoices and no evidence was presented, such as failure to deliver or defects in the merchandise, that would constitute a defense to the claim. *Id.* Based on the testimony presented and a review of the evidence and records, the arbitrator entered an award in favor of the Petitioner and deemed Respondent's counterclaim withdrawn. *Id.* at 5. Given the record presented, there is more than a "colorable justification" for the arbitrator's determination that

Respondent breached the Distribution Agreement by failing to pay Petitioner amounts due and owing under 26 invoices. Therefore, the Court confirms the Arbitration Award in favor of Petitioner.

## CONCLUSION

For the reasons stated above, the Court grants Petitioner's unopposed Amended Petition to confirm the Arbitration Award.[2]  Judgment is entered in favor of Petitioner and against Respondent as follows:

(a) The Arbitration Award dated June 6, 2022 is confirmed;

(b) Respondent is ordered to pay Petitioner 602,400.80 Euros;

(c) Respondent is ordered to reimburse Petitioner $21,022.50, representing the amount of ICDR fees and expenses incurred by Petitioner;

(d) Respondent is ordered to pay Petitioner post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961(a).

Dated: February 6, 2022
New York, New York

SO ORDERED.

*Jennifer Rochon*

JENNIFER L. ROCHON
United States District Judge

---

[2] Petitioner seeks costs pursuant to Rule 54(d) but does not provide any substantiation or even description of any costs incurred.

7